[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11512
Non-Argument Calendar
_____

D. C. Docket No. 94-06228-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDOLPH WELLINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 6, 2005)

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Rudolph Wellington, a federal prisoner proceeding pro se, appeals the

district court's order denying his motion for clarification of his sentence. On appeal, Wellington argues that the district court erred by denying his motion because the sentencing judge more than five years ago committed a clerical error in the judgment of conviction by imposing a sentence that was 20 months greater than what he claims was the maximum allowable sentence. Wellington claims that we should correct his sentence. The government argues, among other things, that we lack jurisdiction because Wellington filed his appeal one day late.

Absent contrary evidence, we will assume that a prisoner's filing was "delivered to prison authorities the day he signed it." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

Whether we have jurisdiction over a particular case is a question of law subject to plenary review. Mars v. Mounts, 895 F.2d 1348, 1351 (11th Cir. 1990). Whether a district court has subject matter jurisdiction is a question of law subject to de novo or plenary review. See United States v. Martinez, 241 F.3d 1329, 1330 (11th Cir. 2001) (court's determination that it did not have equitable jurisdiction is reviewed de novo); see United States v. Sjeklocha, 114 F.3d 1085, 1087, (11th Cir. 1997) (whether the district court had the authority to re-sentence the defendant under former Rule 35(a) and 28 U.S.C. § 2255 is a legal question subject to plenary review).

"[A]side from the specific parameters set forth by the federal statutory provisions controlling sentencing, as well as the Federal Rules of Criminal Procedure," district courts do not have the authority to modify a sentence. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002). Modification of an imposed term of imprisonment is governed by 18 U.S.C. § 3582(b), which provides that a sentence of imprisonment can subsequently be:

(1) modified pursuant to the provisions of subsection (c);
(2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
(3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;

See 18 U.S.C. § 3582(b). It further states:

(c) **Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
(1) in any case--
(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
(i) extraordinary and compelling reasons warrant such a reduction; or
(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the

3

Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

See 18 U.S.C. § 3582(c).

"The proviso that a court may modify a sentence when expressly permitted by statute refers to situations where the defendant is incarcerated pursuant to a plainly illegal sentence. The drafters of the Federal Rules of Criminal Procedure explicitly assumed that a defendant detained pursuant to such a sentence could seek relief under 28 U.S.C. § 2255 if the seven day period provided in Rule 35(c) has elapsed." Diaz-Clark, 292 F.3d at 1316 (referring to former Rule 35(c), which became new Rule 35(a) on December 1, 2002) (internal citations omitted). Fed. R. Crim.P. 35(a) provides that "within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

4

Fed.R.Crim.P. 35(a)(2005). The seven day requirement in the current version of Rule 35(a) is jurisdictional. Diaz-Clark, 292 F.3d at 1317 (discussing former Rule 35(c)).

We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below. See Spaziano v. Singletary, 36 F.3d 1028, 1041 (11th Cir. 1994).

As an initial matter, we have jurisdiction to consider Wellington's appeal since he dated his certificate of service attached to his notice of appeal well within the 10-day appeal period as required by Fed.R.App.P. 4(b)(1)(A). However, we affirm because there was no statutory provision or Federal Rule of Criminal Procedure that would have authorized the district court to modify Wellington's sentence five years after re-sentencing. The only available basis for relief in this case is 18 U.S.C. § 3582(c)(1)(B), which permits modification to the extent permitted by statute or by Rule 35. However, Rule 35(a) does not provide relief to Wellington because he did not file his motion to correct his sentence within seven days prescribed by the rule. Accordingly, the district court did not have jurisdiction to modify Wellington's sentence pursuant to Rule 35(a). Moreover, there was no relief available for Wellington under 28 U.S.C. § 2255 either, since he had already filed a § 2255 motion in 2001 and had not obtained our permission to

5

file a second.  Thus, the district court lacked jurisdiction, and we affirm its decision on this ground.

**AFFIRMED.**