[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15558
Non-Argument Calendar

_____

D. C. Docket No. 98-06015-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAPHNE CREARY,
a.k.a. Mom,
a.k.a. Ma,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 21, 2006)

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Daphne Creary, a pro se federal prisoner, appeals the district court's denial of her motion for a sentence reduction, which was filed pursuant to Federal Rule of Criminal Procedure 35. On appeal, Creary argues that the district court erred in finding that it had no jurisdiction to consider her motion. She asserts that her cooperation with the authorities was substantial, warranting a reduction of her sentence because: (1) the testimony that she provided in court and at grand jury hearings helped lead to the indictments of other individuals; and (2) she encouraged other inmates to come forward with information to assist the authorities. Creary claims that she was assured by the government, on numerous occasions, that a Rule 35(b) motion would be filed on her behalf, as the investigators whom she worked with had recommended to the U.S. Attorney's Office that a Rule 35(b) motion be filed, and various prosecutors had agreed to file motions on her behalf.

Whether a court has jurisdiction over a case is a "question of law subject to plenary review." United States v. Stossel, 348 F.3d 1320, 1321 (11th Cir. 2003) (per curiam), cert. denied, 541 U.S. 966, 124 S. Ct. 1730 (2004). We review de novo whether the district court could compel the government to make a substantial assistance motion. United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993). We have indicated that federal courts have "an obligation to look behind the label

2

of a motion filed by a <u>pro</u> <u>se</u> inmate and determine whether the motion is . . . cognizable under a different remedial statutory framework." <u>United States v. Jordan</u>, 915 F.2d 622, 624-25 (11th Cir. 1990). Two possibilities present themselves here: (1) a motion to modify the sentence pursuant to Rule 35; or (2) a motion to compel the government to file a Rule 35(b) motion for a reduction of sentence.

"[A]side from the specific parameters set forth by the federal statutory provisions controlling sentencing, as well as the Federal Rules of Criminal Procedure," district courts do not have the authority to modify a sentence. <u>See</u> <u>United States v. Diaz-Clark</u>, 292 F.3d 1310, 1315 (11th Cir. 2002). Rule 35 allows a court to correct a prisoner's sentence either: (1) when the sentence resulted from "arithmetical, technical, or other clear error," within seven days of the sentencing; or (2) upon a substantial assistance motion filed by the government. Fed. R. Crim. P. 35(a), (b).

The government has "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" <u>Forney</u>, 9 F.3d at 1500 (quoting <u>Wade v. United States</u>, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843 (1992)). The Supreme Court, in <u>Wade</u>, held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that

3

the refusal was based on an unconstitutional motive," like "race or religion." 504 U.S. at 185-86, 112 S. Ct. at 1843-44. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of improper motive is not entitled to a remedy or even to discovery or an evidentiary hearing. Id. at 186, 112 S. Ct. at 1844. Thus, judicial review is appropriate only when "there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." Forney, 9 F.3d at 1502 (citation and footnote omitted).

Upon careful review of the record on appeal and consideration of the parties' briefs, we discern no reversible error. The district court lacked the jurisdiction under Rule 35(a) to modify Creary's motion because it was filed more than seven days after her sentence was imposed. See Diaz-Clark, 292 F.3d at 1317 (holding that the limitation under Rule 35(c) - now Rule 35(a) - is jurisdictional). Further, because Creary did not make a substantial showing that the prosecution refused to file a Rule 35(b) motion for reduction of her sentence based upon an unconstitutional motive, the district court did not err in denying her motion to the extent that it could be construed as motion to compel the government to file a Rule 35 motion on her behalf. Accordingly, we affirm.

**AFFIRMED**.

4