[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15688
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00008-CR-JTC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARRY ANDREW JACKSON,
a.k.a. John Andrew Hudson,
a.k.a. Andrew Joseph Jackson,
a.k.a. Andy Barry Jackson,
a.k.a. Anthony Barry Jackson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 8, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Barry Jackson, through counsel, appeals his amended sentence, arguing that the district court lacked jurisdiction. The government concedes. For the reasons set forth below, we vacate and remand with instructions to reinstate the original sentence.

Jackson pled guilty to bank robbery, 18 U.S.C. § 2213(a), and possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g) and 924(e). On March 20, 2007, the district court sentenced Jackson to 180 months' imprisonment. Believing that Jackson already had served time on the bank robbery charge, the district court ordered that Jackson receive credit for time served. Thereafter, the Bureau of Prisons informed the district court that it could not give Jackson credit for time served because he had not been arrested on the bank robbery charge, but, rather, on an unrelated charge. On September 18, 2008, the district court amended the judgment to remove the credit order. Jackson timely appealed.

Whether the district court has jurisdiction to amend a defendant's sentence is a legal question subject to plenary review. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002). Pursuant to 18 U.S.C. § 3582(c), the district court may amend a sentence if expressly permitted by statute or by Fed.R.Crim.P. 35 or if the sentence was based on a guideline imprisonment range that subsequently was

2

lowered by the Sentencing Commission. We have interpreted § 3582(c) to mean that a district court lacks the "inherent power" to amend what it views as an illegal sentence. Diaz-Clark, 292 F.3d at 1315. Rather, a district court is limited to applying Rule 35. Id. at 1315-16.

Pursuant to Rule 35(a), the district court may amend a sentence "that resulted from arithmetical, technical, or other clear error" within seven days after sentencing. Rule 35(a)'s seven-day deadline for amending a sentence is a jurisdictional restriction. Diaz-Clark, 292 F.3d at 1317 (addressing the identical restriction under former Rule 35(c)).

The district court lacked jurisdiction to amend Jackson's sentence. See id. at 1315-17. The only provision under which the district court might have amended Jackson's sentence was Rule 35(a). See 18 U.S.C. § 3582(c); Diaz-Clark, 292 F.3d at 1315-16. However, Rule 35(a)'s seven-day jurisdictional restriction had long passed. See Fed.R.Crim.P. 35(c); Diaz-Clark, 292 F.3d at 1317. Accordingly, we vacate Jackson's amended sentence and remand to the district court with instructions to reinstate the original sentence.

**VACATED and REMANDED.**