[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11052
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 03-10004-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARSHELL COOPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 11, 2010)

Before DUBINA, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Marshell Cooper appeals the district court's denial of her motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Cooper concedes that, because she was sentenced as a career offender, her motion for a reduction of sentence was properly denied in light of our decision in *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 1601 (2009). She argues on appeal, however, that *Moore* was wrongly decided, as it is allegedly inconsistent with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). She also argues that her substantial rehabilitation and accomplishments while incarcerated should permit a sentence reduction.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 1657 (2009). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). However, defendants sentenced as career criminals are ineligible for sentence reductions under Amendment 706 where their guideline range is established under U.S.S.G. § 4B1.1. *Moore*, 541 F.3d at 1330 ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the

2

sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence. Here, although Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1.").

In *Jones*, we held that if a defendant is ineligible for a sentence reduction under § 3582(c)(2), the Supreme Court's decision in *Booker* does not provide an independent basis to rectify that ineligibility. *Jones*, 548 F.3d at 1369. Further, "[a] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Diaz-Clark*, 292 F.3d 1310, 1318 (11th Cir. 2002) (quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997)).

Cooper concedes that she was sentenced as a career offender, and that our decision in *Moore* precludes her from benefitting from Amendment 706. Because *Moore* remains controlling on this issue, Cooper's appeal is without merit. *See United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993) ("[I]t is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court.").

Cooper's *Booker* argument is likewise unavailing, because *Booker* does not

provide an independent basis for a sentencing reduction under § 3582. *See Jones*, 548 F.3d at 1369. Finally, the equitable argument made by Cooper must be rejected, as absent statutory authority, a district court does not have discretion to reduce a previously imposed, lawful sentence. *See Diaz-Clark*, 292 F.3d at 1317–18.

For the above-stated reasons, we affirm the district court's order denying Marshell's motion for a reduction of sentence.

**AFFIRMED.**