[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14545
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-20590-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER BARASENA-BRITO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 7, 2010)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Alexander Barasena-Brito appeals the district court's denial of his *pro se*

"Motion for Downward Departure to Early Disposition 'Fast Track' under 5K3.1."

The district court denied Barasena-Brito's motion after determining that it lacked

jurisdiction to modify his sentence. Barasena-Brito pled guilty to one count of

illegal reentry after removal and was sentenced on November 19, 2008 to 36

months' imprisonment followed by three years' supervised release. The district

court granted a downward departure pursuant to U.S.S.G. § 5K1.1 for substantial

assistance.

Construing his *pro se* brief liberally, Barasena-Brito argues on appeal that

his ineligibility for a U.S.S.G. § 5K3.1 reduction for a "Fast-Track" plea created an

unwarranted sentencing disparity between otherwise identical defendants in other

jurisdictions because an early disposition program had not been authorized in the

district in which he pled guilty. Barasena-Brito asserts that the district court was

permitted to vary downward because the guidelines are advisory.

We review *de novo* a district court's jurisdiction to re-sentence a defendant.

*United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002). A district court

may not modify a term of imprisonment once it has been imposed, except where

expressly permitted by Federal Rule of Criminal Procedure 35 or by 18 U.S.C. §

3582, and a district court lacks "inherent power" to re-sentence a defendant. *See*

*id.*; 18 U.S.C. § 3582(c). Under Rule 35(a), a district court may "correct a sentence

that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing. Fed. R. Crim. P. 35(a). Under Rule 35(b), the government may move for a reduction of a defendant's sentence based on substantial assistance provided by the defendant. Fed. R. Crim. P. 35(b). The only additional authorization for a district court to modify a sentence is upon (1) a motion by the Bureau of Prisons based on extraordinary circumstances or in cases involving an elderly prisoner or (2) a retroactive amendment to the guidelines that lowers the sentencing range of the defendant. 18 U.S.C. § 3582(c); *see United States v. Armstrong*, 347 F.3d 905, 907 (11th Cir. 2003) (stating that "[a]ny retroactive reduction in sentence subsequent to a motion filed under § 3582(c)(2) must be 'consistent with applicable policy statements issued by the Sentencing Commission'" (citation omitted)).

Barasena-Brito's claim that the district court erred by denying his motion to reduce his sentence is without merit. Barasena-Brito's motion was made more than fourteen days after his sentence was imposed, and therefore, Rule 35(a) did not authorize the district court to modify his sentence. Further, neither the Bureau of Prisons nor the government has made a post-sentencing motion on Barasena-Brito's behalf on this basis. Although Barasena-Brito contends that U.S.S.G. § 5K3.1 is applicable, a retroactive guideline amendment is required to invoke a

3

guideline provision as a basis for a sentence reduction under 18 U.S.C. § 3582(c)(2), and no retroactive guideline amendment has been issued for U.S.S.G. § 5K3.1. *See* U.S.S.G. § 5K3.1. There is no statutory provision or Federal Rule of Criminal Procedure that would have authorized the district court to reduce Barasena-Brito's sentence. Therefore, the district court correctly determined that it lacked jurisdiction to reduce Barasena-Brito's sentence. *Diaz-Clark*, 292 F.3d at 1315. Barasena-Brito's argument that his sentence could have been reduced because the guidelines are advisory incorrectly assumes that the district court had jurisdiction to modify his sentence. Accordingly, we affirm.

**AFFIRMED.**