[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 28, 2012
JOHN LEY
CLERK

No. 11-14020
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00059-LGW-JEG

CHARLES DANIEL MAYE,

                                                    Petitioner-Appellant,

                        versus

WARDEN,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 28, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

In 2006, a jury found Petitioner guilty of conspiring, in violation of 18 U.S.C. § 371, to access a computer without authorization, in violation of 18 U.S.C. § 1030; accessing a computer without authorization in violation of § 1030; and making false statements, in violation of 18 U.S.C. § 1001, and the district court sentenced him to prison for a total of 97 months. Petitioner appealed his convictions and sentences, but withdrew the appeal. On three occasions thereafter he attempted, but failed, to gain relief from his convictions under 28 U.S.C. § 2255. After that, he attempted to gain such relief via a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. In his petition, he claimed that he is innocent of the crimes of which he was convicted—because of this court's decisions in *United States v. Salum*, 257 F. App'x 225 (11th Cir. 2007), and *United States v. Rodriguez*, 628 F,3d 1258 (11th Cir. 2010)—and that he was entitled to use § 2255's "savings clause" to proceed under § 2241.

The district court referred the petition to a magistrate judge for a report and recommendation. The magistrate judge recommended that the district court deny the petition on the ground that Petitioner had not demonstrated eligibility for invoking the savings clause; specifically, he had not cited a retroactively applicable Supreme Court decision supporting his claim. Record, Vol. 1, Tab 9 at

2

3.  Petitioner objected to the magistrate's recommendation on the ground that our decision in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), authorized his invocation of the savings clause.  The district court overruled his objection and, adopting the magistrate judge's recommendation, denied relief.  Record, Vol. 2, Tab 14 at 2.  Petitioner moved the court to reconsider, and the court denied his motion.  *Id*. Tab 19 at 2.  Proceeding *pro se*, Petitioner now appeals the district court's ruling.

Ordinarily, a federal prisoner must bring any collateral attack on his conviction or sentence under 28 U.S.C § 2255.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  However, under limited circumstances set forth in § 2255(e)'s savings clause, a federal prisoner may instead file a habeas petition under § 2241.  *See* 28 U.S.C. §§ 2241(a), 2255(e).  This savings clause provides that relief under § 2241 is only available if the prisoner affirmatively shows that a § 2255 proceeding is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

Where, as here, a prisoner has previously filed an unsuccessful § 2255 motion to vacate his conviction, he generally may not file a second or successive motion unless and until we grant him authorization.  28 U.S.C. § 2255(h); *United*

*States v. Diaz-Clark*, 292 F.3d 1310, 1316 (11th Cir. 2002). This restriction, standing alone, cannot render § 2255's remedy inadequate or ineffective under the savings clause in § 2255(e). *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (*en banc*), *cert. denied*, (U.S. Jan. 9, 2012) (No. 11-6053).

Rather, a prisoner meets this burden only where he shows that: (1) his current claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the prisoner was convicted of a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the prisoner's trial, appeal, or first § 2255 motion. *Wofford*, 177 F.3d at 1244; *but see Gilbert*, 640 F.3d at 1319 (clarifying that the *Wofford* test was dicta). A prisoner must satisfy all three prongs of this test before we will consider the merits of his claim. *Wofford,* 177 F.3d at 1244 n.3.

Here, Petitioner failed to establish that the savings clause applies, in that he did not identify a relevant retroactively Supreme Court decision or show that this circuit's law squarely foreclosed his claim. Furthermore, he cannot use § 2255(e)'s savings clause merely to avoid the successive motion ban of § 2255(h).

The district court's decision is, accordingly,

4

AFFIRMED.