[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15295
Non-Argument Calendar
_____

D.C. Docket No. 4:96-cr-00056-RH-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSVALDO FRANCISCO GONZALEZ,
a.k.a. Eduardo Gonzalez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 1, 2013)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

In *United States v.* Gonzales, 239 F.3d 368 (11ᵗʰ Cir. 2000) (Table), we affirmed appellant's conviction for conspiracy with intent to distribute cocaine and cocaine base and his sentence of 360 months' imprisonment.  Appellant subsequently moved the District Court to vacate his conviction and sentence under 28 U.S.C. § 2255; the District Court denied his motion on August 12, 2004.

In November 2012, appellant moved the District Court to review under Federal Rule of Criminal Procedure 35(b) the Government's decision—made in 1998, prior to the imposition of his sentence—not to consider his request for substantial assistance.  He argued that the Government's decision impermissibly punished him (1) for exercising his constitutional right to stand trial and (2) denied him equal protection of the law, since the Government had given his co-defendants an opportunity to seek a sentence reduction for providing substantial assistance. The District Court denied appellant's motion on the ground that it lacked jurisdiction to under Rule 35(b) to consider it.[1]  Appellant appeals that ruling, and the District Court's denial of his motion for reconsideration.

Rule 35(b) states: "Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1).  The court may consider a government motion to reduce

---

[1]  The court could not entertain the motion under § 2255 unless appellant obtained leave of this court to file it pursuant to 28 U.S.C. § 2244(b)(3).

2

a sentence for substantial assistance made more than one year after the sentence was imposed if: (a) the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after the sentence was imposed; (b) the defendant provided the information to the government within one year of sentencing, but the information did not become useful until more than one year after sentencing; or (c) the usefulness of the information could not have been anticipated until more than one year after sentencing. Fed. R. Crim. P. 35(b)(2).

Here, the District Court lacked jurisdiction to entertain appellant's motion. While appellant argues that the court possessed jurisdiction under Rule 35(b), his motion did not implicate Rule 35(b). He has not alleged that he actually assisted the Government, either before or after sentencing, or that he was entitled to a substantial assistance motion. Instead, he argues that the Government acted unconstitutionally when it refused to consider his request for an *opportunity* to provide assistance. His claim was thus not cognizable under Rule 35(b), but was instead a generalized claim that the Government acted unconstitutionally. The district court simply had no jurisdiction over such a claim unanchored to Rule 35. *See Diaz-Clark*, 292 F.3d at 1315-16 (holding that district court acted without jurisdiction when it resentenced defendant based on its "inherent authority" to modify a sentence it deemed illegal).

AFFIRMED.

3