[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12574
Non-Argument Calendar
_____

D.C. Docket No. 8:02-cr-00009-SDM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARRY VICTOR FRASIER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 9, 2013)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Garry Frasier, a federal prisoner proceeding pro se, appeals the district

court's denial of his motion to correct his sentence under Federal Rule of Criminal

Procedure 35(a).[1]  Frasier committed a series of robberies in 2001.  In 2003, he was convicted for three counts of bank robbery and two counts of using and carrying a firearm during and in relation to a crime of violence and sentenced to 528 months' imprisonment.  In February 2011, he filed a motion to correct his sentence under Rule 35(a).

Under the current version of Rule 35(a), a court may correct an improper sentence "[w]ithin 14 days after sentencing."  Fed. R. Crim. P. 35(a).  Because Frasier filed his Rule 35(a) motion seven years after his sentencing, the district court denied the motion as untimely.[2]

Frasier argues that the district court should have applied an earlier version of Rule 35(a), under which a court could correct an illegal sentence "at any time." Fed. R. Crim. P. 35(a) (1986).  The version of the rule on which Frasier relies, however, was repealed by the Sentencing Reform Act of 1984 ("SRA"), which applies to all crimes committed after November 1, 1987.  Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of Titles 18 and 28 of the United States Code); see United States v. Burgess, 858 F.2d 1512, 1513-14 (11th

---

[1] We review de novo a district court's ability to modify a defendant's sentence.  United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002).

[2] The district court also held that Frasier's claims lacked merit and noted that it declined to construe Frasier's motion as a 28 U.S.C. § 2255 motion to vacate because such a motion would be time-barred.

Cir. 1988).  Frasier is not entitled to rely on the pre-SRA version of Rule 35 because his offenses were committed in 2001.

While the version of Rule 35(a) that was in effect in 2001 was different from the version which the district court applied, this difference is immaterial to this case because the 2001 rule permitted a court to correct an illegal sentence only "within 7 days after the imposition of a sentence."  Fed. R. Crim. P. 35(c) (2001).[3] Frasier's motion is thus untimely even under the 2001 version of the rule.

"[A]side from the specific parameters set forth by the federal statutory provisions controlling sentencing, as well as the Federal Rules of Criminal Procedure," a district court does not have the authority to correct a sentence, even if it believes the sentence to be illegal.  United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002).  Because Frasier failed to meet the time limits established by Rule 35(a), the district court did not have jurisdiction to consider his motion.  Id. at 1317 (holding that the limitations of Rule 35(a) are jurisdictional in nature).  Accordingly, we construe the district court's denial of Frasier's Rule 35(a) motion as a dismissal and affirm.  Cf. Cani v. United States, 331 F.3d 1210, 1216 (11th Cir. 2003) (construing a dismissal as a denial because the district court

---

[3] In 2002, Rule 35(c) was restyled as Rule 35(a), but the text remained the same.  See Fed. R. Crim. P. 35, advisory committee's note.

possessed subject matter jurisdiction and should have denied the defendant's motion on the merits).

**AFFIRMED.**