[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15018
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20585-JLK-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARON FRAZIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 22, 2013)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Laron Frazier, convicted of various firearms offenses and sentenced in 2008,

brings this pro se appeal of the district court's dismissal of his motion to modify

his sentence.  Frazier claimed that he and the government had agreed to an incorrect offense level under the Sentencing Guidelines and that the district court at sentencing plainly erred under Fed. R. Crim. P. 52(b) by failing to correct the total offense level after the probation officer told the district court of the mistake. The district court construed Frazier's motion as seeking relief pursuant to Fed. R. Crim. P. 35 and dismissed it after determining that Frazier filed the motion outside of Rule 35(a)'s jurisdictional time limit and that the government made no motion for a sentence reduction pursuant to Rule 35(b).  On appeal, Frazier reiterates that the district court plainly erred in failing to correct the mistake in his offense level.

We review de novo whether a district court has the authority to modify a sentence.  United States v. Phillips, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).  A district court can modify a term of imprisonment only under very limited circumstances, including (1) where the Bureau of Prisons moves to reduce the sentence because of extraordinary circumstances or because the defendant is at least 70 years old and meets other certain requirements, (2) where another statute or Rule 35 permits such modification, or (3) where a defendant's guideline range is subsequently lowered by the Sentencing Commission and certain other requirements are met.  18 U.S.C. § 3582(c) (2002); Phillips, 597 F.3d at 1194–95. Outside of § 3582, district courts do not possess inherent authority to modify a sentence.  See United States v. Diaz-Clark, 292 F.3d 1310, 1315–16 (11th Cir.

2002) (holding that a lower court was wrong to conclude that it "could invoke an 'inherent power' to correct" a sentence).

The Bureau of Prisons has filed no motion for Frazier, nor has there been a modification in the sentencing guidelines that would apply to his case.  There is no other statute that provides relief.  See 18 U.S.C. § 3582(c)(1)(B). Thus Frazier's only remaining option for a sentence modification is Rule 35.[1]

At the time of Frazier's sentencing in 2008, Rule 35(a) permitted district courts to correct arithmetical, technical, or other clear errors in a sentence within a seven-day window after sentencing.[2]  Fed. R. Crim. P. 35(a) (2007).  Rule 35(a)'s time limit is jurisdictional.  Phillips, 597 F.3d at 1196.  Rule 35(b) allows a court to reduce a sentence upon a motion by the government where a defendant has provided substantial assistance in another prosecution.  Fed. R. Crim. P. 35(b).

Our review of the record and consideration of the parties' briefs leads us to affirm the district court's ruling.  It is undisputed that Frazier's request, coming over four years after his conviction, falls outside the seven-day time period of Rule

---

[1] Frazier's reliance on Rule 52(b) is misplaced.  Rule 52(b) governs in criminal appeals and "provides a court of appeals [with] limited power to correct" forfeited errors.  United States v. Olano, 507 U.S. 725, 731, 113 S. Ct. 1770, 1776 (1993) (emphasis added).  Because Rule 52(b) governs appeals, not post-conviction motions to amend sentences, see id., the district court had no jurisdiction under Rule 52(b) to modify Frazier's sentence.  Cf. Diaz-Clark, 292 F.3d at 1317 (explaining that a district court's modification of a sentence without the requisite jurisdiction is a "legal nullity").

[2] As the district court acknowledged, the time limit was extended to fourteen days when Rule 35(a) was amended in 2009.  See Fed. R. Crim. P. 35(a) & advisory committee's note.

35(a) and the government has not asked for a sentence reduction on account of substantial assistance.

We therefore affirm the district court's dismissal of Frazier's motion to correct or amend his sentence.

**AFFIRMED.**