[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 28, 2006
THOMAS K. KAHN
CLERK

No. 05-12827
Non-Argument Calendar
_____

D. C. Docket No. 99-00008-CR-001-WLS-6

VERT L. WASHINGTON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(March 28, 2006)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Vert Washington appeals the district court's dismissal of his "motion to compel specific performance of his plea agreement," which the district court construed as a second or successive motion to vacate, set aside, or correct his

sentence, pursuant to 28 U.S.C. § 2255. We granted a certificate of appealability ("COA") to consider the following issue: "Whether the district court erred by construing appellant's 'Emergency Motion to Compel Specific Performance of His Plea Agreement' as an impermissibly successive motion to vacate, 28 U.S.C. § 2255?" After careful review, we affirm.

This is Washington's third appearance in this Court. On August 7, 2000, pursuant to a written plea agreement, Washington pled guilty to one count of possession with the intent to distribute cocaine and, inter alia, consented to the following terms: (1) he agreed to cooperate fully with the government; (2) if the cooperation was completed subsequent to sentencing, the government would consider whether such cooperation qualified as substantial assistance, warranting the filing of a motion for a reduction of sentence within one year of the imposition of the sentence, pursuant to Rule 35(b); and (3) the determination as to whether Washington provided substantial assistance rested solely with the government. Moreover, Washington waived the right to appeal his sentence, directly or collaterally, on any ground, with some exceptions not relevant to this appeal.

Prior to sentencing, Washington moved to withdraw his guilty plea, arguing that the government had breached the plea agreement by failing to provide Washington with an opportunity to give "substantial assistance" information to the

government. After holding a hearing, the district court denied Washington's motion and found that Washington had not shown that the government breached the plea agreement or that he actually provided substantial assistance. The district court subsequently sentenced Washington to 84 months' imprisonment. We dismissed his direct appeal "due to a valid appeal waiver." United States v. Washington, No. 01-11284 (11th Cir. Oct. 25, 2001) ("Washington I").

One year after the imposition of his sentence, Washington, proceeding pro se, filed a motion to vacate or modify his sentence, pursuant to 28 U.S.C. § 2255. Washington alleged that his plea was involuntary because he had relied on the government's "substantial assistance" promise in the plea agreement, and the government had not adhered to the promise. A magistrate judge recommended the denial of Washington's § 2255 motion, reasoning that, in connection with Washington's motion to withdraw his guilty plea, the district court had previously considered and rejected the claims Washington again asserted in the context of a § 2255 motion. Over Washington's objections, the district court adopted the magistrate judge's recommendation and denied the motion.

Washington then petitioned this Court for a COA on the denial of his § 2255 motion. We denied a COA based on Washington's failure to make a substantial showing of the denial of a constitutional right. We also found that Washington's

3

claim -- that the government breached the plea agreement -- had previously been considered and rejected by the district court in its denial of Washington's motion to withdraw his guilty plea. We also noted that by our dismissal in Washington I, we "necessarily rejected his challenges to the voluntariness of his plea." Thus, we concluded the claim was barred by the law of the case doctrine. See Washington v. United States, No. 02-17036 (11th Cir. Apr. 4, 2003) ("Washington II")

Thereafter, Washington, again proceeding pro se, filed the instant "emergency motion to compel specific performance of his plea agreement" in the district court. As he had argued in his motion to withdraw his guilty plea and his initial § 2255 motion, in the "emergency motion," Washington again contended that the government had not abided by the terms of the plea agreement because it had not debriefed Washington concerning "substantial assistance" information.

The magistrate judge recommended that Washington's motion constituted a second or successive § 2255 motion and, thus, the district court did not have jurisdiction over it because Washington had not first obtained permission from this Court to proceed. The district court agreed after finding that the motion "clearly contemplat[ed] a review of the validity of his sentence in light of his allegation of breach of the plea agreement" and constituted "still another, although different, attempt to collaterally attack [Washington's] conviction and sentence." The

4

district court concluded, therefore, that it did not have jurisdiction because Washington's motion was actually a second or successive § 2255 motion, for which Washington did not first obtain authorization from this Court to file. The district court denied Washington's "emergency motion." This appeal, "Washington III," followed.

A prisoner may file a habeas petition requesting that the district court vacate, set aside, or correct his sentence where (1) the sentence was imposed in violation of law or the Constitution; (2) the sentencing court was without jurisdiction; (3) the sentence imposed was beyond the statutory maximum; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. Under 28 U.S.C. § 2244, before an applicant may file a second or successive habeas petition, he must apply, in the appropriate Court of Appeals, for "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without authorization from this Court, then, a district court lacks jurisdiction to consider a successive § 2255 motion. See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

In his motion to compel specific performance, Washington made the same arguments he previously asserted, both in his motion to withdraw his guilty plea and in his initial § 2255 motion. He also sought the same remedy -- a modification

5

and reduction of his sentence -- in both his initial § 2255 motion and the "emergency motion." In Washington's two previous appearances in this Court, we have rejected his claims. In short, the "emergency motion" constituted the functional equivalent of a successive § 2255 motion, which is subject to the requirements of § 2244. See Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002). Because Washington previously filed a § 2255 motion, but did not seek our authorization for the instant motion, the motion was not properly before the district court.

Finally, following the lead of our sister circuits, we construe Washington's notice of appeal and appellate brief as an implied request for authorization to file a second § 2255 petition. See, e.g., United States v. Winestock, 340 F.3d 200, 208 (4th Cir.) (treating motion for specific performance of plea agreement as successive § 2255 motion and construing notice of appeal and appellate brief as request for authorization to file second or successive § 2255 motion), cert. denied, 540 U.S. 995 (2003); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002) (internal quotation marks and citation omitted) (treating petition for writ of error coram nobis and writ of audita querela as successive § 2255 motions and construing notice of appeal and appellate brief as "implied application under 28 U.S.C. § 2244(b)(3)(A) for leave to file second habeas petition in the district

6

court"). As he did in <u>Washington II</u>, Washington argues the government breached the plea agreement by not providing him with the opportunity to supply substantial assistance.[1] In <u>Washington II</u>, we denied a COA on this very issue, finding that it was barred by the law of the case. We again conclude that the law of the case bars Washington from proceeding on his claim in a successive § 2255 motion and again deny a COA on this issue.

Accordingly, we affirm the district court's denial of Washington's "emergency motion" and, to the extent Washington is seeking leave to file a successive § 2255 motion, we deny such leave.

**AFFIRMED.**

---

[1]Washington has made no assertion that the government's failure to file a substantial assistance motion was based on an unconstitutional motive or was not related to a legitimate governmental interest. Cf. <u>Wade v. United States</u>, 504 U.S. 181, 185-86 (1992) (holding that district courts have the authority to review the government's refusal to file a substantial assistance motion and grant a remedy if the defendant makes a threshold showing that the refusal was based on an unconstitutional motive or was not related to a legitimate governmental interest).