[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11555
Non-Argument Calendar
_____

D. C. Docket No. 96-00025-CR-1-HLM-4

GARY WILLIAM HOLT,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 1, 2007)

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Federal prisoner Gary William Holt, proceeding pro se, appeals the district court's (a) dismissal of his "Motion For District Court To Exercise Its Inherent Authority To Recall A Judgment To Achieve Justice And/Or To Prevent An Injustice (Good Cause And Extraordinary Circumstances)" (hereinafter "Motion To Recall") as a second or successive 28 U.S.C. § 2255 motion to vacate, and (b) denial of his "Motion To Vacate Order Of March 27, 2007 And To Rehear Motion For District Court  To Exercise Its Inherent Authority To Recall Judgment To Achieve Justice And/Or Prevent An Injustice" (hereinafter "Motion For Reconsideration").  The district court granted Holt a certificate of appealability to contest the denial of both motions.  For the reasons that follow, we AFFIRM.

## I.  BACKGROUND

A federal jury convicted Holt in 1997 and he directly appealed his conviction, which we affirmed, United States v. Holt, 149 F.3d 1196 (11th Cir. 1998).  The Supreme Court denied certiorari.  Holt v. United States, 527 U.S. 1028, 119 S.Ct. 2380 (1999).  In 2000, Holt filed a motion collaterally attacking his conviction under 28 U.S.C. § 2255.  The district court denied Holt's § 2255 motion and he did not appeal.  Instead, he filed a motion for a writ of audita querla

2

in 2004 which was again denied by the district court. He appealed the district court's denial to us and we affirmed. United States v. Holt, 417 F.3d 1172 (11th Cir. 2005) (per curiam). We found the motion barred as a second or successive motion under 28 U.S.C. § 2255 that lacked prior permission to file from us in violation of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Holt, 417 F.3d at 1175 (citing 28 U.S.C. § 2244(b)(3)(A); § 2255; § 2244).

We have jurisdiction to review the district court's denial of both motions because the district court granted Appellant Holt a certificate of appealability on both motions. 28 U.S.C. § 2253. We will address the motions in turn.

## II. DISCUSSION

A. Motion To Recall

We review de novo a district court's dismissal of a § 2255 motion as second or successive. McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002). While Holt contends that his Motion to Recall is not a § 2255 motion, federal courts "have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework," United States v. Jordan, 915 F.2d 622, 624-25

3

(11th Cir. 1990) (affirming a district court order which treated a motion filed under Federal Rule of Criminal Procedure 35(a) as a successive § 2255 motion).

The district court properly determined that Holt's Motion To Recall was in reality a successive § 2255 motion. Holt insists in his reply brief that his Motion to Recall is not a § 2255 motion but "one of jurisdictional character" or in the alternative, a violation of his constitutional rights, Appellant's Reply Br. at 2, 3, yet both arguments fall within § 2255's ambit:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released *upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence*, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1 (emphasis added).

In addition to the jurisdictional and constitutional claims, Holt also argued in his Motion to Recall that the district court retained broad inherent authority to recall an imposed sentence. We rejected a prisoner's argument that the district court had inherent authority to resentence him in United States v. Diaz-Clark, 292 F.3d 1310 (11th Cir. 2002). We stated that a district court could modify a sentence only through Federal Rule of Criminal Procedure 35, or "to the extent otherwise expressly permitted by statute." Id. at 1315-16 (quoting 18 U.S.C. § 3582). A

4

district court only retains jurisdiction to modify a sentence on a defendant's motion for seven days after the imposition of sentence. Rule 35(a); Diaz-Clark, 292 F.3d at 1317. The notes to the 1991 Amendments to Rule 35 explicitly contemplate that a defendant detained pursuant to an illegal sentence "could seek relief under 28 U.S.C. § 2255 if the seven day period provided in [Rule 35(a)] has elapsed." Id. at 1316 (quoting Rule 35 advisory committee notes (1991)). Our opinion in Diaz-Clark makes clear that a district court's authority to modify a current criminal sentence is restricted to Rule 35 or § 2255. Because the seven-day period for modifying a sentence had elapsed here, § 2255 was the only available statutory basis for the relief sought by Holt. Our 2005 Holt opinion made clear that common law relief is not available where post-conviction relief is available through § 2255 as it is here. Holt, 417 F.3d at 1175. Therefore Holt's only avenue of relief for these claims is through § 2255, which encompasses all of his arguments.

The district court properly construed Holt's Motion To Recall as a § 2255 motion. Because Holt had not received prior authorization from us under 28 U.S.C. § 2244(b)(3)(A), the district court properly determined that it lacked jurisdiction to consider a second or successive § 2255 motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam). Accordingly, we affirm the

district court's order dismissing Holt's Motion To Recall.

B.  Motion For Reconsideration

Because Holt's Motion For Reconsideration was filed within 10 days of the district court's March 27, 2007, order, we construe it as a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment.  Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003); Finch v. City of Vernon, 845 F.2d 256, 258-59 (11th Cir. 1988) (per curiam).  We review the denial of Rule 59(e) motion for an abuse of discretion.  Drago v. Jenne, 453 F.3d 1301, 1305 (11th Cir. 2006).  Rule 59(e) may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

Holt does not challenge the denial of his Motion For Reconsideration on appeal.  Instead, he argues that the original 1997 sentencing order is the order which should be reconsidered.  Appellant's Reply Br. at 2, 3.  This argument substantively tracks the points he makes in his Motion to Recall, but does not address the Motion for Reconsideration.  As Holt has not argued his claim that the district court abused its discretion when it did not reconsider its 2007 order, he abandoned any argument challenging the denial of this motion on appeal.  Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

6

Even were we to construe Holt's brief so liberally that we ignored the abandonment of his claim on appeal, the district court still did not err in denying the Motion For Reconsideration for two independent reasons. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972) (per curiam) (noting that courts should liberally construe the motions of pro se petitioners); and Castro v. United States, 540 U.S. 375, 381-82, 124 S.Ct. 786, 791-92 (2003) (listing reasons for liberal treatment of pro se pleadings). First, Holt's Motion For Reconsideration improperly reargued prior arguments and recycled cases cited in his Motion To Recall. Michael Linet, Inc., 408 F.3d at 763. Second, in light of our binding precedent in Diaz-Clark, it cannot be said that the district court committed an abuse of discretion in denying the Motion To Recall, which was based on the theory of a district court's inherent power discussed in a Ninth Circuit case and a district court case. Carrington v. United States, 470 F.3d 920 (9th Cir. 2006) withdrawn and superseded, – F.3d –, 2007 WL 2597326 (9th Cir. Sept. 11, 2007); United States v. Holland, 380 F. Supp. 2d 1264 (N.D. Ala. 2005). Since Holt failed to show a basis for relief under Rule 59(e), the district court did not abuse its discretion in denying his Motion For Reconsideration.

Finally, we liberally construe Holt's appellate brief as an implied petition to file a second § 2255 motion. Washington v. United States, 173 Fed. Appx. 792,

7

794-95 (11th Cir. 2006) (per curiam); see Haines 404 U.S. at 520, 92 S.Ct. at 596.

To grant Holt leave to file a second § 2255 motion he must make a prima facie

showing of either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense [at trial]; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; § 2244(b)(3)(A); § 2244(b)(3)(C); see In re Anderson, 396 F.3d

1336, 1337 (11th Cir. 2005) (describing constraints placed on successive habeas

petitions). Holt's arguments do not satisfy either of the two requirements for this

court to grant a certificate of appealability ("COA"). Holt alleges no new evidence

which would have impacted his guilt at trial. Holt cites no new rule of

constitutional law made retroactive by the Supreme Court which would assist his

case, nor have we found any upon careful review. Accordingly, we deny a COA

on the issues Holt has raised in the district court and before us.

Therefore, we affirm both district court orders on appeal and deny Holt's

implied request for authorization to file a successive § 2255 petition.

**AFFIRMED.**