**Gary William HOLT, Appellant**

**Gwyndell Declerk, et al., Appellees**

v.

**George W. BUSH, et al., Appellees.**

**No. 08–5389.**

United States Court of Appeals, District of Columbia Circuit.

March 26, 2009.

Rehearing and Rehearing En Banc Denied May 15, 2009.

BEFORE: TATEL, BROWN, and GRIFFITH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order entered June 18, 2008, dismissing appellant's complaint as frivolous, be affirmed. As an initial matter, although the notice of appeal contains the language, "Petitioners, by and through Gary William Holt," no plaintiff other than appellant Holt has signed the notice of appeal. Because Holt is not an attorney authorized to represent the remaining plaintiffs, *see* 28 U.S.C. § 1654, he is the sole appellant.

Appellant's complaint in essence seeks to invalidate his convictions based on the asserted unconstitutionality of the statute conferring district court jurisdiction over violations of federal criminal statutes, a challenge that should be brought by way of a motion pursuant to 28 U.S.C. § 2255. Because appellant has already filed at least one § 2255 motion, *see Holt v. United States,* 249 Fed.Appx. 753, 754 (11th Cir. 2007), appellant was required to proceed by way of a motion for leave to file a second or subsequent § 2255 motion directed to the United States Court of Appeals for the Eleventh Circuit. *See* 28 U.S.C. § 2255.

In any event, appellant's challenge to 18 U.S.C. § 3231 is frivolous, as two circuit courts and numerous district courts have held. *See, e.g., United States v. Collins,* 510 F.3d 697, 698 (7th Cir.2007).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after

resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.