**Nikola KRSTIC, Plaintiff,**

v.

**PRINCESS CRUISE LINES, LTD. (CORP.), Defendant.**

Case No. 09–23846–CIV.

United States District Court, S.D. Florida.

March 25, 2010.

Order Denying Reconsideration March 31, 2010.

David Wayne Brill, Downs & Associates, Joseph J. Rinaldi, Jr., Downs Brill Whitehead, Pembroke Pines, FL, Julio Jesus Ayala, Jr., Miami, FL, for Plaintiff.

Jeffrey Bradford Maltzman, Steve Holman, Maltzman Foreman PA, Miami, FL, for Defendant.

## *ORDER GRANTING MOTION TO COMPEL ARBITRATION [DE 5]; STRIKING PROVISION FROM SEAFARER'S AGREEMENT; STAYING CASE PENDING ARBITRATION; ADMINISTRATIVELY CLOSING CASE*

ALAN S. GOLD, District Judge.

### I. Introduction

THIS CAUSE is before the Court upon Defendant's Motion to Compel Arbitration [**DE 5**], filed February 4, 2010. On February 22, 2010, Plaintiff filed a response in opposition [**DE 11**], and on March 4, 2010, Defendant filed a reply [**DE 18**].[1] Having carefully considered the relevant submissions, the record, and the applicable case law, I grant the motion in part, deny the motion in part, and stay this matter pending arbitration for the reasons that follow.

### II. Background

This case arises from injuries sustained by the Plaintiff, a Serbian seaman by the

---

1. Plaintiff also filed an unopposed motion for leave to file a surreply law following Defendant's with leave of court. *See* [**DE 22**]. I deny the aforementioned motion as moot and note that the matters addressed in Plaintiff's sur-reply have no bearing on my analysis of Defendant's Motion to Compel Arbitration.

name of Nikola Krstic ("Plaintiff"), while employed aboard Defendant Princess Cruise Lines Ltd.'s ("Defendant" or "Princess") Bermuda-flagged vessel, the "Island Princess" [DE 5]. On December 29, 2009, Plaintiff filed a two-count complaint alleging Jones Act negligence[2] and failure to provide prompt and adequate treatment. [DE 1].

On February 4, 2010, Defendant moved to compel arbitration pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards 9 U.S.C. § 201, et seq. ("the Convention Act").[3] The basis for Defendant's motion to compel is an agreement executed by Plaintiff on May 6, 2008 entitled "Acceptance of Employment Terms and Conditions" ("the Acceptance Agreement") providing that "any and all disputes shall be referred to and resolved by arbitration as provided for in the Principal Terms and Conditions of Employment," which Plaintiff acknowledged that he had received, reviewed, and accepted at the time he executed the Acceptance Agreement. [DE 5–1]. In this regard, Article 14 of the Principal Terms and Conditions of Employment ("the Principal Terms") contains two pertinent paragraphs. The first is the arbitration clause itself, which provides, in pertinent part, that "any and all disputes ... relating to or in any way arising out of or connected with" services performed by Plaintiff for Defendant "shall be referred to and resolved exclusively by binding arbitration pursuant to [the Convention] in Bermuda...." [DE 5–2].[4] The second is a choice-of-law clause, which provides, in pertinent part, that "any such dispute arising under or in connection with these

terms or [Plaintiff's] service shall be governed exclusively in all respects by the laws of Bermuda without regard to principles of conflicts of laws." Id. The Principal Terms also contain a severability provision in Article 15, which states that "[t]he conditions of these Terms are severable. If any of these terms is determined to be void or otherwise unenforceable by any court or tribunal of competent jurisdiction, then the remainder of the Terms shall stand in full force in effect." Id.

Defendant now moves this Court to compel arbitration pursuant to the Convention and the aforementioned provisions of the Principal Terms, while "stipulating" to the application of U.S. law to Plaintiff's statutory claims in the Bermuda arbitration. See [DE 5]. Plaintiff opposes Defendant's motion, arguing that the arbitration clause is void or unenforceable for a number of reasons. First, he asserts that the arbitration clause is void because the Principal Terms impermissibly restrict Plaintiff's U.S. statutory and common law rights and remedies in violation of public policy. See [DE 11]. Second, Plaintiff asserts that his Jones Act claim is non-arbitrable, arguing that the case of Bautista v. Star Cruises—which affirmed an order compelling arbitration of plaintiff's Jones Act claims under the Convention—was wrongly decided. See generally 396 F.3d 1289 (11th Cir. 2005). Third, Plaintiff argues that the arbitration provision is "defective due to the parties' unequal bargaining power." [DE 11]. Fourth, Plaintiff argues that the arbitration provision is unenforceable because "it requires Plaintiff to appear for both physical and testimonial examinations and to provide document production, but ... appears to require nothing in the way of

---

**2.** See 46 U.S.C. § 30101 et seq. (2009).

**3.** The Convention on Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S. 3 will be referred

to collectively as "the Convention" and its implementing legislation, 9 U.S.C. §§ 201–208 (2002), as the "Convention Act."

**4.** Bermuda is a signatory to the Convention.

compulsory discovery from Princess." *Id.* Fifth, Plaintiff argues that a Bermuda arbitration would be prohibitively expensive; and finally, Plaintiff argues that the arbitration provision is unclear and ambiguous and should thus be considered permissive, not mandatory. *Id.* I will address each argument in turn.

### III. Standard of Review

■ Courts deciding motions to compel arbitration under the Convention and its implementing legislation are bound to conduct a "very limited inquiry." *Bautista,* 396 F.3d at 1294–95. According to the Eleventh Circuit, "[a] district court *must* order arbitration unless (1) the [Convention's] four jurisdictional prerequisites are not met, ... or ... one of the Convention's affirmative defenses applies." *Id.* (citations omitted). The four jurisdictional prerequisites are that: "(1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states." *Id.,* n. 7 (citation omitted). These jurisdictional prerequisites are not at issue in the instant case.

■ As to the Convention's affirmative defenses, "[t]he Convention requires that courts enforce an agreement to arbitrate unless the agreement is 'null and void, inoperative or incapable of being performed.'" *Id.* at 1301 (quoting the Convention, art. II(3)). The "null and void" clause must be read narrowly because "the signatory nations have declared a general policy of enforceability of agreements to arbitrate." *Bautista v. Star Cruises,* 286 F.Supp.2d 1352, 1366 (S.D.Fla.2003). The Eleventh Circuit has also held that the "public policy" provision found at Article V(2)(b) of the Convention—which provides, in pertinent part, that "[r]ecognition and enforcement of an arbitral award may also be refused if ... [t]he recognition or enforcement of the award would be contrary to the public policy of that country"—is also an "affirmative defense[ ] to a suit that seeks a court to compel arbitration." *Thomas v. Carnival Corp.,* 573 F.3d 1113 (11th Cir.2009).[5] However, as has been repeatedly emphasized by a majority of federal appellate courts, the Convention's public policy defense is "construed narrowly to be applied only where enforcement

---

5. As Judge Seitz recently noted in her order denying Plaintiff's motion for reconsideration in the case of *Bulgakova v. Carnival Corporation:*

"the *Thomas* and *Bautista* courts draw the Convention's 'affirmative defenses' from different sections. As noted above, the *Bautista* court looked to Article II(3), which enumerated defenses to enforcement of the agreement to arbitrate. *See Bautista,* 396 F.3d at 1301–02. By contrast, the *Thomas* court referred to Article V(2)(b), which discusses the occasions where courts may refuse to confirm awards issued *after* arbitration has been enforced. *See Thomas,* 573 F.3d at 1120. While Article V(2)(b)'s express terms empower courts to refuse to confirm arbitration awards granted *after* ar-

bitration is complete, the *Thomas* court's reliance on Article V[ (2)(b) ]'s defense *prior to* arbitration is sanctioned by the relevant Supreme Court case law.... The Supreme Court has noted that courts presented with a motion to compel arbitration must invoke Article V only in the following circumstances: '[w]ere there *no subsequent opportunity for review* and were we persuaded that the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies, we would have little hesitation in condemning the agreement as against public policy."

Case No.: 09–CV–20023, [DE 33] at *4 n. 3 (S.D.Fla. Feb. 26, 2010) (emphasis in original) (cites and quotes omitted).

would violate the forum state's most basic notions of morality and justice." *Fotochrome, Inc. v. Copal Co.*, 517 F.2d 512, 516 (2d Cir.1975); *Steel Corp. of Philippines v. International Steel Services, Inc.*, 354 Fed.Appx. 689, 694 (3d Cir.2009); *Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 306 (5th Cir.2004); *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 87 F.3d 844, 851 n. 2 (6th Cir.1996); *Slaney v. Int'l Amateur Athletic Federation*, 244 F.3d 580, 593 (7th Cir.2001); *TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 939 (D.C.Cir.2007); *accord Gatlin v. U.S. Anti–Doping Agency, Inc.*, 2008 WL 2567657, *1 (N.D.Fla. Jun. 24, 2008); *Laminoirs–Trefileries–Cableries de Lens, S.A. v. Southwire Co.*, 484 F.Supp. 1063, 1068 (N.D.Ga.1980).

## IV. Analysis

### A. Arbitrability of Jones Act Claims and Bargaining Power Disparity

■ As a threshold matter, I reject Plaintiff's arguments that the arbitration provision at issue should be declared unenforceable because (1) Jones Act claims are categorically not arbitrable; and (2) the "bargaining position of the Plaintiff and Defendant are nowhere near commensurate." **[DE 11].** While Plaintiff is certainly entitled to voice his displeasure with the Eleventh Circuit's decision in *Bautista*, this Court is bound by *Bautista* and will not disregard its directives. *See Anderson v. Dunbar Armored, Inc.*, 678 F.Supp.2d 1280, 1336– (N.D.Ga.2009) (noting that published decisions of the Eleventh Circuit and pre-September 30, 1981 cases of the former Fifth Circuit are binding precedent). *Bautista* expressly concluded that the district court "properly granted [the cruise line's] motion to compel arbitration" of the seafarer's claims "for negligence and unseaworthiness under the Jones Act ... and for failure to provide maintenance [and] cure" pursuant to the Convention. *Bautista*, 396 F.3d at 1292, 1303. Thus, such claims are clearly arbitrable. *See Hodgson v. Royal Caribbean Cruises, Ltd.*, Case No. 09–CV–20798, [DE 37] at *18, 706 F.Supp.2d 1248, 1260 (S.D.Fla.2009) (Altonaga, J.) (concluding that "[t]he repeal of the [Jones Act's] venue provision is no reason to conclude that Congress has intended to exempt the Jones Act where the Convention applies.").

■ *Bautista* also concluded that the same unequal bargaining power complained of here—i.e., where a multinational cruise line presents a foreign seafarer with an employment contract on a "take it or leave it" basis—does not "fit within the limited scope of defenses" to the enforceability of an arbitration agreement provided for by the Convention. *Bautista*, 396 F.3d at 1302 (concluding that "[w]hile it is plausible that economic hardship might make a prospective [ ] seaman susceptible to a hard bargain during the hiring process, Plaintiffs have not explained how this makes for a defense under the Convention."). Thus, even assuming the existence of a bargaining advantage, Plaintiff has failed to establish that the disparity complained of constitutes a defense under the Convention,[6] regardless of whether it implicates the UNIDROIT Principles referenced by Plaintiff.[7] *See Bautista*, 396

---

**6.** Certainly, the disparity alleged here does not rise to the level of "violating our most basic notions of morality and justice." *See* Section III, *supra*.

**7.** I recognize that a contrary result might be warranted in a purely domestic context. However, as the Eleventh Circuit noted in

*Bautista*, "such an approach is required by the unique circumstances of foreign arbitration [where] concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement,

F.3d at 1302; *Koda v. Carnival Cruise Lines, Inc.,* Case No.: 06–cv–21088, [DE 47] at *2 (S.D.Fla. Sept. 7, 2007) (Hoeveler, J.) (noting that UNIDROIT Principles regarding bargaining power are not controlling in cases where enforcement of an arbitration agreement is sought pursuant to the Convention); *see also Polychronakis v. Celebrity Cruises, Inc.,* 2008 WL 5191104, *3 n. 2 (S.D.Fla. Dec. 10, 2008) (King, J.) (concluding that traditional principles of unconscionability and unequal bargaining power were not valid defenses pursuant to the Convention, even where Plaintiff was required to execute the pertinent agreements when he "was well into the voyage, at sea, and in the midst of performing his duties . . . after any opportunity for negotiation or disembarkation had passed.").

### B. Unfavorable Discovery, Expense of Arbitration, and Ambiguity

 Plaintiff also opposes Defendant's motion on the grounds that: (1) the arbitration provision is unenforceable because of the nature of discovery favors the Defendant; (2) Bermuda arbitration is likely to be prohibitively expensive; and (3) the arbitration provision is unclear and ambiguous and should therefore be considered permissive, not mandatory. As to the first two arguments, Plaintiff has failed to cite a single case holding that either unfavorable discovery procedures or the prospect of prohibitive costs constitute defenses pursuant to the Convention. [DE 11]. Meanwhile, at least two judges in this district have expressly rejected the "prohibitive costs" defense recognized under the FAA in the context of the Convention.[8]

*See Bulgakova v. Carnival Corp.,* Case No. 09–CV–20023, [DE 16] at *3–4 (S.D.Fla. June 22, 2009) (Seitz, J.) (refusing to apply FAA prohibitive costs defense in context of the Convention and noting that courts "cannot lightly transpose defenses recognized under the FAA to the 'unique circumstances of foreign arbitration' ") (citing *Bautista,* 396 F.3d at 1302); *Koda v. Carnival Cruise Lines, Inc.,* Case No.: 06–CV–21088, [DE 38] *6–*7, 2007 A.M.C. 972 (S.D.Fla. Mar. 30, 2007) (Hoeveler, J.) (acknowledging expenses and burdens that would be imposed upon Plaintiff as a result of foreign arbitration but noting that Court was "constrained by the precedent set in this Circuit."). Because Plaintiff has failed to demonstrate how the prohibitive costs it alleges constitute a defense under the Convention, the alleged financial hardship cannot invalidate the agreement to arbitrate.

 With regard to Plaintiff's assertion of ambiguity, I have reviewed the Principal Terms and conclude the arbitration clause is not susceptible to two or more reasonable interpretations. To the contrary, the Principal Terms very clearly require that "any and all disputes . . . relating to or in any way arising out of or connected with" Plaintiff's employment agreement or services performed for the company "shall be referred to and resolved exclusively by binding arbitration pursuant to [the Convention] in Bermuda." [DE 5–2]. Accordingly, like other courts that have considered similar (if not identical) provisions, I conclude that Plaintiff is *required* to submit his Jones Act and maintenance and cure claims to binding arbitration in Bermuda. *See, e.g., Gawin v.*

even assuming that a contrary result would be forthcoming in a domestic context." *Id.* (cites and quoted omitted).

8. Even if it were a recognized defense, it would not apply in this case, for Plaintiff has failed to meet its burden of establishing said

defense by failing to adequately address how arbitration would be more costly than litigation, particularly given that: (a) Princess has offered to pay all fees of the Bermuda arbitrator, *see* [DE 18]; and (b) the arbitral forum (Bermuda) is closer to Plaintiff's residence than the Southern District of Florida.

*Princess Cruise Lines*, Case No.: 09–CV–23059, [DE 15] (Ungaro, J.) (compelling Bermuda arbitration of, *inter alia*, claims for Jones Act negligence and failure to provide maintenance and cure pursuant to similar arbitration provision).[9]

### C. Thomas Analysis

Plaintiff further argues that the Bermuda choice-of-law provision contained in the Principal Terms renders the agreement to arbitrate unenforceable because the two clauses operate in tandem to impermissibly limit Plaintiff's U.S. statutory and common law remedies, relying on *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009). There is no dispute that the Principal Terms, as written, would require Plaintiff to arbitrate his claims in Bermuda applying Bermuda substantive law. However, the parties disagree as to whether the arbitration clause is void as a matter of public policy given Defendant's purported "stipulation" to the applicability of U.S. statutory law in the arbitral forum. Defendant argues that because of its choice-of-law "stipulation," *Thomas* does not control. [DE 5]. Plaintiff responds that Defendant's "stipulation" is of no consequence because "stipulations" require the consent of counsel for both parties, and even if it were, it could not salvage an otherwise void arbitration agreement. *Id.*

 Having considered the relevant submissions and the applicable law, I agree with Plaintiff that Defendant's choice-of-law clause is void as a matter of public policy pursuant to *Thomas*. However, given the stand-alone nature of the choice-of-law clause and the Principal Terms' severability provision, the arbitration clause remains enforceable.[10] Although the Eleventh Circuit's narrow holding in *Thomas* applied only to claims asserted pursuant to the Seaman's Wage Act,[11] a holistic reading of *Thomas* indicates that the Eleventh Circuit's reasoning applies with equal force to claims brought pursuant to the Jones Act. Specifically, I note that the Eleventh Circuit did not focus on the unique nature of the Seaman's Wage Act in reaching its conclusion that foreign choice-of-law and arbitration clauses can—if enforced in tandem—constitute a prospective waiver of statutory rights in violation of public policy. Instead, the Eleventh Circuit focused on the fact that the clauses would "have 'operated in tandem' to completely bar Thomas from relying on *any* U.S. statutorily-created causes of action." *Id.* at 1113 (emphasis added); *see also id.* at 1124 (noting that enforcing the foreign choice-of-law and arbitration clauses in tandem "is exactly the sort [of result] that the Supreme Court has described as a prospective waiver of parties rights to pursue statutory remedies without the assurance of a 'subsequent opportunity for review.' ") (cites and quotes omitted). Accordingly, I conclude that *Thomas*' directives regarding the prospective waiver of statutory remedies are

---

9. Even if the clause were ambiguous, "such ambiguity must be resolved in favor of arbitration." *ACE Capital Re Overseas Ltd. v. Central United Life Ins. Co.*, 307 F.3d 24, 34 (2d Cir.2002).

10. Because I conclude that the Bermuda choice-of-law provision is void as a matter of public policy, questions regarding the propriety or effect of Defendant's purported "stipulation" are moot, as are questions regarding Plaintiff's entitlement to punitive damages under Bermuda law.

11. The Eleventh Circuit declined to address the arbitration and choice-of-law clauses' enforceability with regard to Mr. Thomas' Jones Act claims because it held that the Jones Act claims "[did] not fall under the Arbitration Clause"; it reached this conclusion based on the fact that Thomas' Jones Act claims arose before he signed the agreement containing the clauses at issue. *Thomas*, 573 F.3d at 1119, 1120 n. 9.

applicable to Plaintiff's Jones Act claim and that, as a result, the Principal Terms' choice of law and arbitration clauses purporting to eliminate Plaintiff's Jones Act rights and remedies cannot be enforced in tandem.[12]

### D. Severability

■ Having concluded that the choice-of-law and arbitration clauses contained in the Principal Terms—if enforced in tandem—would render the agreement a prospective waiver of Plaintiff's statutory remedies in violation of public policy, I must now determine how this matter should proceed. In crafting a remedy, I note that there are at two policy interests at issue here that must be respected, if possible. The first is the powerful "international policy favoring commercial arbitration," which, as the Supreme Court has expressly noted, requires the "subordinat[ion] [of] domestic notions of arbitrability" in domestic courts. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 638–39, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). The second is the policy at the heart of the *Thomas* decision, which calls on courts to protect "a party's right to pursue statutory remedies" as a matter of "public policy."[13] *Thomas*, 573 F.3d at 1122. Having carefully considered the applicable law and the aforementioned policy interests, I conclude that the appropriate remedy is to sever the Bermuda choice-of-law provision in accordance with the Principal Terms' severability clause.

Courts "[f]aced with arbitration agreements proscribing statutorily available remedies ... have either severed the illegal provision and ordered arbitration, or held the entire agreement unenforceable." *Perez v. Globe Airport Sec. Services, Inc.*, 253 F.3d 1280, 1286 (11th Cir.2001) (citations omitted), *vacated on other grounds*, 294 F.3d 1275 (11th Cir.2002). "Courts finding severance appropriate rely on a severance provision in the arbitration agreement, or the general federal policy in favor of enforcing arbitration agreements." *Id.* (citations omitted). Here, there is *both* a severance provision *and* a strong policy favoring arbitration. Moreover, unlike the cases in which severance was held to be an inappropriate remedy, the clause in which the parties agreed to arbitrate their disputes stands separate and apart from the unenforceable foreign choice-of-law clause. *Compare Perez*, 253 F.3d at 1286 (declining to sever unlawful provision because "agreement [did] not contain a severability provision") *and Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054, 1058 (11th Cir.1998) (noting that severance of certain provisions within an integrated arbitration agreement that limited statutory remedies would be "problematic" because the entire agreement to arbitrate was "tainted"). Thus, unlike the *Paladino* court, I am not faced with a few sentences embedded within an integrated arbitration provision that purport to limit a party's statutory remedies. *Id.* at 1056. Instead, I am faced with a stand-alone choice-of-law provision—in an agreement that expressly

---

12. I note that Plaintiff's "damage cap" argument plays no role in my analysis, and I specifically reject Plaintiff's contention that the Principal Terms purport to cap Plaintiff's damages at $50,000. The unambiguous language of the "Health, Accident and Death Benefits" provision of the Principal Terms— i.e., "shall be eligible for compensation"— indicates that the $50,000 payment (and re-

quired release) is optional, not mandatory. *See* [**DE 5–2**].

13. While I recognize that other policies might also be implicated by the resolution of the issues before me (e.g., the general policy favoring the enforcement of bargained-for contracts), the policies discussed above are the two that have the most bearing on the particular issue before me.

provides for severance of unenforceable provisions—that must be condemned as a matter of public policy. *See Caban v. J.P. Morgan Chase & Co.,* 606 F.Supp.2d 1361 (S.D.Fla.2009) (Jordan, J.) (severing unconscionable class action waiver from otherwise valid arbitration provision where agreement contained severability provision). Accordingly, I conclude that severance of the unenforceable choice-of-law provision is the appropriate remedy, as it promotes both policies at issue without having to unnecessarily elevate one over the other; the arbitration provision remains enforceable.[14]

## V. Conclusion

Based on the foregoing, I conclude that the choice-of-law provision at issue should be severed from the Principal Terms pursuant to the severability provision contained in the Principal Terms. However, the arbitration provision remains enforceable pursuant to the Convention and its implementing legislation. Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1. Defendant's Motion to Compel Arbitration [**DE 5**] is GRANTED.

2. The Bermuda choice-of-law provision contained in the Principal Terms—i.e., Paragraph 1 of Article 14—is hereby STRICKEN and shall heretofore be treated by the parties as null and void.

3. Plaintiff's claims shall be submitted to binding arbitration in Bermuda in accordance with the Principal Terms and the provisions of this Order.

4. This case is STAYED.

5. The clerk is directed to ADMINISTRATIVELY CLOSE this case.

6. All pending motions are DENIED AS MOOT and all upcoming hearings are CANCELLED.

7. Either party may move to re-open this matter for good cause shown.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DE 24]; DENYING MOTION FOR HEARING [DE 25]

## I. Introduction

THIS CAUSE is before the Court upon Plaintiff's Motion for Reconsideration of this Court's Order Compelling Arbitration as it Relates to Unequal Bargaining Power [**DE 24**] and Plaintiff's Motion for Hearing [**DE 25**]. Having carefully considered Plaintiff's motion, the record, the applicable law, and being otherwise duly advised, I deny Plaintiff's motions for the reasons that follow.

## II. Standard of Review

■ When, as here, a motion for reconsideration is served within twenty-eight days of the entry of the order at issue, Federal Rule of Civil Procedure 59(e) applies. *Holt v. United States,* 249 Fed. Appx. 753, 757 (11th Cir.2007); *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.,* 320 F.Supp.2d 1347, 1357 (S.D.Fla. 2004). Although Rule 59(e) does not set forth any specific criteria, courts have delineated three major grounds justifying reconsideration under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* at 1357–58. I have also recognized that a possible basis

---

**14.** It bears mentioning that "an agreement to arbitrate ... statutory claims" should not be confused "with a prospective waiver of the substantive right"; an agreement to arbitrate "does not waive the statutory right ... it waives only the right to seek relief from a

court in the first instance." *14 Penn Plaza LLC v. Pyett,* —— U.S. ——, 129 S.Ct. 1456, 1469, 173 L.Ed.2d 398 (2009). Here, it is the choice-of-law provision, and not the arbitration provision itself, that attempts to impinge on Plaintiff's statutory rights.

for reconsideration is a "material misstatement of the facts by the court." *In re Garcia*, 2002 WL 32372583, *1 (S.D.Fla. Nov. 4, 2002).

However, it is well-settled that "motions for reconsideration are disfavored" and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly. *Id.; Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 2008 WL 2074397, 2008 U.S. Dist. LEXIS 39630 (M.D.Fla. May 15, 2008) (citing *U.S. v. Bailey*, 288 F.Supp.2d 1261, 1267 (M.D.Fla.2003)). For example, "it is an improper use of the motion to reconsider to ask the Court to rethink what the Court ... already thought through—rightly or wrongly." *In re Garcia*, 2002 WL 32372583, *1 (cites and quotes omitted). Moreover, Rule 59(e) may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir.2005). Keeping these principles in mind, I now turn to the specific matters raised in Plaintiff's motion.

## III. Analysis

Because Plaintiff has failed to demonstrate that the unequal bargaining power complained of in this particular case constitutes a valid defense pursuant to the Convention, reconsideration is not warranted.[1] As I noted in my Order Compelling Arbitration, the Eleventh Circuit has previously held that the same type of unequal bargaining power complained of here—i.e., where a multinational cruise line presents a foreign seafarer with an employment contract on a "take it or leave it" basis—does not "fit within the limited scope of defenses" to the enforceability of an arbitration agreement provided for by the Convention. **[DE 23, p. 7]** (quoting *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir.2005)). Thus, even assuming the existence of a bargaining advantage, Plaintiff has failed to establish that the disparity complained of in this case constitutes a defense under the Convention,[2] regardless of whether it implicates the UNIDROIT Principles referenced by Plaintiff. *See Bautista*, 396 F.3d at 1302; *Koda v. Carnival Cruise Lines, Inc.*, Case No.: 06–CV–21088, [DE 47] at *2 (S.D.Fla. Sept. 7, 2007) (Hoeveler, J.) (noting that UNIDROIT Principles regarding bargaining power are not controlling in cases where enforcement of an arbitration agreement is sought pursuant to the Convention); *see also Polychronakis v. Celebrity Cruises, Inc.*, 2008 WL 5191104, *3 n. 2 (S.D.Fla. Dec. 10, 2008) (King, J.) (concluding that traditional principles of unconscionability and unequal bargaining power were not valid defenses pursuant to the Convention, even where Plaintiff was required to execute the pertinent agreements when he

1. The Convention on Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S. 3, will be referred to collectively as "the Convention" and its implementing legislation, 9 U.S.C. §§ 201–208 (2002), as the "Convention Act."

2. Plaintiff has certainly not demonstrated that there exists a disparity in bargaining power that rises to the level of "violating our most basic notions of morality and justice." *Fotochrome, Inc. v. Copal Co.*, 517 F.2d 512, 516 (2d Cir.1975); *Steel Corp. of Philippines v. International Steel Services, Inc.*, 354 Fed.

Appx. 689, 694–95 (3d Cir.2009); *Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 306 (5th Cir.2004); *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 87 F.3d 844, 851 n. 2 (6th Cir.1996); *Slaney v. Int'l Amateur Athletic Federation*, 244 F.3d 580, 593 (7th Cir. 2001); *TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 939(D.C.Cir.2007); *accord Gatlin v. U.S. Anti–Doping Agency, Inc.*, 2008 WL 2567657, *1 (N.D.Fla. Jun. 24, 2008); *Laminoirs–Trefileries–Cableries de Lens, S.A. v. Southwire Co.*, 484 F.Supp. 1063, 1068 (N.D.Ga.1980).

"was well into the voyage, at sea, and in the midst of performing his duties ... after any opportunity for negotiation or disembarkation had passed.").

## IV. Conclusion

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Reconsideration [DE 24] is DENIED.
2. Plaintiff's Motion for Hearing [DE 25] is DENIED.
3. This case shall remain CLOSED.