[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12016
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cr-20245-CMA-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY TUBBY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 20, 2013)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Gary Tubby, a federal prisoner, appeals pro se the district court's denial of his pro se "motion for review of plain error and correction of an otherwise illegal sentence." Tubby's pro se motion, filed more than seven years after his sentence was imposed, argued that his sentence should be reduced in order to credit properly time he already had served in state custody on separate state charges. After review, we affirm the district court's denial of Tubby's pro se motion.

## I. BACKGROUND

## A.    Tubby's State and Federal Convictions and Sentences

In March 2004, Tubby was being held in Florida on pending state charges of uttering a counterfeit instrument and other related offenses.[1]  In May 2004, while Tubby's state charges were still pending, Tubby was transferred to federal custody and arrested on federal charges relating to a large-scale check fraud conspiracy.

In December 2004, Tubby pled guilty in federal district court to conspiracy to pass fictitious obligations and to commit wire fraud, passing fictitious

---

[1]These state charges stem from Tubby's attempt to buy groceries using a counterfeit check and false identification.  Tubby was originally arrested on these state charges on March 19, 2003.  However, he appears to have been released shortly thereafter, as he was arrested again in May 2003 and in March 2004, each time on different state charges.  After his March 2004 arrest, however, Tubby was held in state custody to face his original March 2003 state charges. The state court's ultimate sentence on the March 2003 charges was calculated from the March 2004 arrest date.

obligations, wire fraud, and social security fraud.  In March 2005, the district court imposed a 125-month sentence, which was later reduced to 94 months in 2006.[2]

However, after his federal sentencing, Tubby was returned to state custody on May 13, 2005.  On June 21, 2005, the state court sentenced Tubby to 62 months on his state charges, to run concurrent to his federal sentence and ordered that Tubby's state sentence be served in federal custody.  On February 24, 2006, Tubby was transferred to federal custody, but the Federal Bureau of Prisons ("BOP") returned Tubby to state custody on May 13, 2006 to first serve the remainder of his state sentence.

In April 2007, the state court vacated Tubby's state sentence and imposed a suspended sentence so that Tubby's state and federal sentences could be served concurrently in federal custody.  On April 26, 2007, Tubby was again transferred to federal custody and began serving his federal sentence.  In calculating Tubby's federal sentence, the BOP denied Tubby's request for a nunc pro tunc designation, which would have given him credit for time served in state custody.

A federal sentence begins when the defendant is received in federal custody to begin serving his sentence.  18 U.S.C. § 3585(a).  The BOP, however, has the

---

[2]Tubby filed and then voluntarily dismissed his direct appeal of his federal sentence.  In 2006, the district court granted the government's Federal Rule of Criminal Procedure 35 motion based on Tubby's substantial assistance and reduced Tubby's sentence to 94 months.  In 2006, Tubby filed a pro se § 2255 motion to vacate his sentence based on ineffective assistance of counsel during his plea proceedings.  The district court denied the § 2255 motion, and Tubby did not appeal that ruling.

discretion to retroactively designate a state facility as the place for service of a federal sentence.  See 18 U.S.C. § 3621(b); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990); BOP Program Statement 5160.05(9)(b)(4).  If a defendant is already serving a state sentence, this "nunc pro tunc" designation has the effect of starting the federal sentence while the defendant is in state custody and running the federal and state sentences concurrently.

**B.    Pro Se Post-Conviction Motions**

Beginning in January 2008, Tubby filed a series of pro se motions arguing that the BOP had improperly calculated the start date of his federal sentence by failing to give him credit for time served in state custody.  The district court denied the first of these motions, a "Request for A Nunc Pro Tunc Designation" because Tubby had not exhausted administrative remedies.

A second pro se motion, titled a "Motion for Judicial Recommendation," was filed in June 2008.  The district court denied this motion, again for failure to exhaust administrative remedies.

**C.    First § 2241 Petition**

In 2009, Tubby filed a pro se 28 U.S.C. § 2241 petition.  Tubby's § 2241 petition, like his previous pro se post-conviction motions, argued that the BOP had improperly calculated his federal sentence.  He also alleged that he had exhausted his administrative remedies.

The district court denied Tubby's § 2241 petition on the merits, concluding that the BOP properly calculated Tubby's federal sentence under 18 U.S.C. § 3585. The district court found that the sentencing court's judgment was silent as to whether Tubby's federal sentences should run concurrently to any future state sentence, and, therefore, the BOP properly ran Tubby's federal sentence consecutively to Tubby's state sentence. See 18 U.S.C. § 3584(a) (providing that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"). The district court further noted that the BOP had asked for the sentencing court's recommendation, and the sentencing court had responded that Tubby should not be given nunc pro tunc designation based Tubby's presentence investigation report and his offense conduct.

The district court further concluded that Tubby's due process rights had not been violated because a state court's order that a federal sentence and a state sentence should run concurrently is not binding on federal courts.

Tubby's subsequent appeal to this Court was dismissed for want of prosecution.

**D.    Additional Pro Se Post-Conviction Motions**

5

Between 2010 and 2012, Tubby filed several additional pro se motions in the district court that continued to argue that he should be given credit for time served in state custody.  The district court denied all of these motions.

**E.    Pro Se "Motion for Review of Plain Error and Correction of an Otherwise Illegal Sentence"**

In 2013, Tubby filed the pro se motion that is the subject of this appeal.  As the basis for the motion, Tubby cited Federal Rule of Criminal Procedure 52(b).  This time, Tubby argued that the sentencing court had misapplied U.S.S.G. § 5G1.3(b) when it failed to order that his federal sentence run concurrently to his state sentence.[3]  Tubby also contended that the sentencing court abused its discretion by not recommending to the BOP that Tubby receive a nunc pro tunc designation.

The district court denied Tubby's pro se motion.  Tubby appealed.  Although Tubby's notice of appeal was not filed within fourteen days of entry of the district court's order, as required by Federal Rule of Appellate Procedure 4(b), the government affirmatively waived this issue in its appellate brief.  See United States

---

[3]Section 5G1.3(b) of the Sentencing Guidelines provides that when "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction" and "was the basis for an increase in the offense level" under Chapters 2 or 3 of the Sentencing Guidelines, the sentencing court "shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons," and "the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment."  U.S.S.G. § 5G1.3(b).

v. Frazier, 605 F.3d 1271, 1278 (11th Cir. 2010) (concluding that this Court had jurisdiction to review an appeal that was filed past Rule 4(b)'s non-jurisdictional filing deadline because the government affirmatively forfeited its objection to the timeliness issue).

## II.  DISCUSSION

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."  United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010).  Under 18 U.S.C. § 3582(c), a district court may modify a sentence only if: (1) the BOP files a motion and certain other conditions are met; (2) a modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) the defendant was sentenced based on a guidelines range that subsequently was lowered by the Sentencing Commission and other requirements are met.  See 18 U.S.C. § 3582(c); Phillips, 597 F.3d at 1194-95.  Thus, "absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35."  Phillips, 597 F.3d at 1195.  Furthermore, the time for filing a Rule 35 motion is jurisdictional and "outside of Rule 35(c) there exists no 'inherent authority' for a district court to modify a sentence."  Id. at 1196-

97 (brackets and footnote omitted); see also United States v. Diaz-Clark, 292 F.3d 1310, 1315-18 (11th Cir. 2002).[4]

Tubby's pro se "Motion for Review of Plain Error and Correction of an Otherwise Illegal Sentence" does not fall within any of the categories of authorized § 3582(c) motions. The motion was not filed by the BOP or based on an amendment to the Sentencing Guidelines. Given that the motion was not filed within seven days of Tubby's March 2005 sentence, it was not permitted by Rule 35(a). See Fed. R. Crim. P. 35(a) (2003);[5] Diaz-Clark, 292 F.3d at 1315-19.

While a district court is required to "look behind the label" of a pro se motion, United States v. Jordan, 915 F.2d 622, 624 (11th Cir. 1990), there is no statute or rule permitting Tubby to challenge his federal sentence under the circumstances of this case. Tubby cited Rule 52(b) as the basis for his motion. However, Rule 52(b) simply defines the plain error standard of review and does not provide a vehicle for the district court to modify Tubby's sentence.

Further, the district court could not have construed Tubby's pro se motion as a § 2255 petition. Tubby already had filed one § 2255 motion. Before the district court could consider a second § 2255 motion, Tubby was required to seek

[4]We review de novo whether a district court has jurisdiction to modify a defendant's sentence. See Phillips, 597 F.3d at 1194 n.9.

[5]In 2009, Rule 35(a) was amended to provide that a court may correct a sentence within fourteen days after sentencing. Even if the 2009 amendment applies in this case, Tubby's motion was filed seven years after his sentencing and well beyond the time provided in either version of Rule 35(a).

authorization from this Court, which he did not do.  See Farris v. United States,

333 F.3d 1211, 1216 (11th Cir. 2003); see also 28 U.S.C. § 2255(h).  "Without

authorization, the district court lacks jurisdiction to consider a second or successive

petition."  Farris, 333 F.3d at 1216.

Tubby's sentencing calculation claim probably would be cognizable in a

§ 2241 petition.  United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005)

(explaining that an inmate's claim relating to credit for time served is properly

brought in a § 2241 petition).  However, even if the district court had construed

Tubby's pro se motion as a § 2241 petition, the district court would have been

unable to address Tubby's sentencing calculation claim because it already had been

denied on the merits in his first § 2241 proceeding.

Tubby couches his present pro se motion in terms of the district court's

miscalculation of the guidelines.  But, the crux of his argument remains that the

district court and the BOP failed to give him credit for time served in state custody.

This argument is the same argument Tubby made in his first § 2241 petition, which

the district court denied on the merits.  A successive § 2241 petition is subject to

dismissal where it raises the same claims that were dismissed on the merits in the

first § 2241 petition.  Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352

9

(11th Cir. 2008).  Thus, had Tubby's present pro se motion been construed as a § 2241 petition, the district court would have been required to dismiss it.[6]

In sum, we conclude that because the district court had no authority to modify Tubby's seven-year-old sentence, the district court did not err in denying Tubby's pro se "Motion for Review of Plain Error and Correction of an Otherwise Illegal Sentence."

**AFFIRMED.**

---

[6]Even if we were to construe Tubby's pro se motion as a § 2241 petition, the government notes that when Tubby filed his current pro se motion in the Southern District of Florida, he was incarcerated in the Western District of Texas.  Thus, at the time the motion was filed in April 2013, the district court would have lacked jurisdiction to review the motion as a § 2241 petition for this reason as well.  See Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S. Ct. 2711, 2722 (2004); 28 U.S.C. § 2241(d).