[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12292
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cr-00346-LGW-CLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEBASTIAN JAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 15, 2021)

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

Sebastian James, proceeding *pro se*, appeals the district court's denial of his motion requesting clarification of his sentence related to the district court's intent for him to receive credit for the time he served in custody before his federal sentencing. He asserts the district awarded him time credit at sentencing, and the district court should have corrected, as a clerical error, the judgment's failure to include this recommendation. No reversible error has been shown, and we affirm.

As an initial matter, James did not cite to any statutory authority for his motion, nor did the district court do so in its order. However, the only authority under which the district court had jurisdiction to consider the motion was Federal Rule of Criminal Procedure 36.[1] *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (reviewing the district court's jurisdiction to grant relief *de novo*). Under Rule 36, a district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. We have stressed that Rule 36

---

[1] Once a district court imposes a term of imprisonment, it may not modify that sentence except: (1) on remand after an appeal; (2) to reduce it under the terms of 18 U.S.C. § 3582(c) (governing motions for compassionate release, substantial assistance, and sentencing ranges lowered after the defendant's sentencing by the Sentencing Commission); and (3) to correct it under Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(b); *United States v. Diaz-Clark*, 292 F.3d 1310, 1315-16 (11th Cir. 2002). Rule 35 provides that a district court may, within 14 days after sentencing, correct a sentence "that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The time limit in Rule 35(a) is jurisdictional. *United States v. Phillips*, 597 F.3d 1190, 1196 (11th Cir. 2010). James' motion was not timely under Rule 35(a), it was not a motion under § 3582(c), and there was no appeal.

"may not be used to make a substantive alteration to a criminal sentence." *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (quotations omitted). It is a remedy to correct errors that are "minor and mechanical in nature." *Id.* at 1165. However, the district court may correct clerical errors in the written judgment to ensure that it is in accord with the district court's orally pronounced sentence. *Id.* at 1164-65.

Although the normal method of challenging the crediting of a prisoner's sentence is by a § 2241 petition, the district court lacked jurisdiction to consider one from James because he is confined outside of the Southern District of Georgia. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (explaining jurisdiction for § 2241 petitions lies only in the district of confinement). Regardless, James' motion is construed as a Rule 36 motion because: (1) it was not brought against the warden; (2) it did not allege administrative exhaustion; and (3) the relief sought was more consistent with Rule 36 because it sought a clarification of what the district court had allegedly previously ordered at sentencing, rather than a direct challenge to the BOP's post-sentencing credit calculation. *See* Fed. R. Crim P. 36; *Portillo*, 363 F.3d at 1164-65.

The district court did not err in denying James' motion.[2] *See United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016) (reviewing *de novo* the district court's application of Rule 36). Although the district court's oral pronouncement at sentencing of its intention that James receive credit for time served did not appear in the judgment, its omission from the judgment was not an error, clerical or otherwise, because 18 U.S.C. § 3585(b) mandates that the Bureau of Prisons (BOP) make the credit determination at the time of incarceration, not that the district court make it at the time of sentencing. Under § 3585(b),

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed[] or . . . any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . that has not been credited against another sentence.

18 U.S.C. § 3585(b). The Supreme Court has held § 3585(b) does not authorize a district court to award time-served credit at sentencing, but that instead the statute empowers the Attorney General, through the BOP, to compute sentence credit awards after sentencing. *United States v. Wilson*, 503 U.S. 329, 333–35 (1992). In

---

[2] The district court's order did not cite Rule 36 or discuss whether James made a showing of a clerical error, and instead analyzed directly whether a credit for time served was appropriate. Even so, the order can be affirmed on the alternative ground that Rule 36 relief is not appropriate under the circumstances. *See Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (stating we may affirm the judgment of the district court on any ground supported by the record).

4

*Wilson*, at the time the district court imposed sentence, the defendant had not yet received credit for his time served from the state court, but by the time he was imprisoned by the BOP, the state court had awarded him credit and so he could not receive credit from the BOP because of the statute's prohibition on double-counting. *Id.* at 332-33. This case is similar to *Wilson*, where at the time of sentencing, the defendant had not yet received state credit for time served, but the BOP did not give it to him because by the time he was placed in federal custody, he had received state credit for the time and the statute prohibits double counting. Thus, the district court did not err in denying the motion.[3]

    **AFFIRMED.**

---

[3] Additionally, while James claims his plea agreement contained a clause that promised him credit for time served, the plea agreement did not contain any such provision.